M’Girk, C. J.,
delivered the opinion of the Court.
This is a proceeding before the Probate Court, by Hempstead, against the executor of Louis Labeaume, deceased, in which Court, the Court allowed Hempstead’s account. The cause was taken to the Circuit Court, and there, also, Hempstead obtained judgment In the Circuit Court, the defendant pleaded non-assumpsit of the testator, within five years next before the bringing this suit. Replication that the suit was commenced within five years after the death of the testator; demurrer and judgment fot Hempstead. The replication shows, that the debt accrued in June, 1818; that Labeaume died in January, 1822, at which time the demand was not harred; that after the death of Labeaume, Hempstead commenced his suit, within ve years after said death. The question arising out of the record is, whether, by lw, the demand was barred, after five years from the time it accrued, or not being tbu barred, had five years more barred it, after the death of Labeaume. The statute of imitations says, actions of this sort shall be brought within five years after the *555 cause of action accrued, and not after. This was the law at the time of Labeaume’s death. At the same time, there existe^ a statute, which says, that where a person dies, all demands, which shall not he exhibited (to the executor or administrator) within five years after administration granted, shall be forever barred. It is contended by the defendant in error, that this last statute enlarged the time of suing on his demand, to five years after the death or administration granted; this is a mistake. This law was not intended to be understood in that way. It does not say, that all demands which were owing, at the time of the administration granted, shall have five years to be presented in, and if so persented, shall be paid; but on the contrary, says, if they are not presented, they shall be forever barred ; leaving the question, whether they may not be barred, before entirely untouched. The statute fixes an ultimate time for all claims; without this statute, all simple contract debts would have been barred, all at the end of five years, and some before, and with it, all specialty debts and judgments. This I believe to be the construction of these two laws, taken together; hence it follows, that the death of a man does not enlarge the statute of limitations, but, with respect to many demands, narrows it.
The judgment of the Circuit Court is reversed.